NO 7425.

CHARLES BRUNING

VS

NICHOLAS J. CLESI

STATE OF LOUISIANA

COURT OF APPEAL

PARISH OF ORLEANS.

7425

OPINION.

By his Honor John St. Paul.

The only question involved in this case is whether defendant has earned the commission agreed upon between plaintiff and himself, by procuring a promise of sale accompanied by earnest money, the purchaser having abandoned his deposit and refused to complete the sale, and plaintiff having claimed the forfeit.

The agreement as to commissions was as follows; " I Accept the above offer and agree to pay you for services rendered, 3%". Following this, the words "same being earned and payable when agreement to purchase is signed and offer accepted," in the printed form, were stricken out ex industria.

As the leaving of this clause unimpaired would have made it clear that the commission was earned in any event, it follows that the striking out of this clause was intended to avoid that very meaning.

Hence we are bound to conclude that the parties meant to contract according to the general principles prevailing in such cases, viz, that the broker has not earned the agreed commission unless the sale goes through (provided however that the vendor be not at fault).

De Santos vs Tansy, 13 An 151, Jordy vs Salmen Co, 121 La 457,
Loyacano vs Thompson, 4 Ct of App. 345,
Mc Williams vs Lyons, 5 Ct of App. 231,
Sonneman vs Cutter, 10 Ct of App 157,
Haight vs Marrero, 12 Ct of App 37o.

We are therefore of opinion that as far as the contract stipulation of three per cent on the purchase price is concerned, the defendant cannot recover.

At the same time we do not read those cases as meaning that in cases such as this the broker is entitled to no compensation whatever, and that the vendor is free to pocket the profits of the contract resulting from the forfeiture of the earnest money, without paying the broker the value of his services, whatever they may be.

170

On the contrary, the laborer is worthy of his hire, and in such cases we think the broker is entitled on "quantum meruit" to a portion of the commission, having some correspondence to the profit inuring to the vendor.

If such compensation was not allowed in those cases, it was not because the court thought that nothing whatever was due, but because the claim was not made, and the court could not make an allowance on quantum meruit when the party claimed on contract; but it is clear that the parties still had their action on quantum meruit, if they chose to persue it.

The case is the same here; defendant's reconventional demand is based on contract and he must fail; but in rejecting that claim we do not mean to deny him his right of action on a claim for quantum meruit. And we affirm the the judgment with that understanding,

Judgment Affirmed.

New Orleans, La, Jany          1919.

171

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

*On Rehearing*

By/ his Honor John St. Paul.

A rehearing was granted herein principally for the purpose of correcting an error in the Decree. In a moment of inadvertence we overlooked the fact that the trial judge had allowed the reconventonal demand, whilst our reasons for judgment show that it was our intention to disallow it.

But having heard the case reargued we still adhere to the conclusions heretofore reached. Our decree must however be recast to accord with the views expressed.

The judgment on the main demand is therefore affirmed; the judgment on the reconventional demand is rejected, reserving however to the defendant whatever claim he may have against plaintiff on quantum meruit for services rendered; the defendant to pay costs of both courts.

New Orleans La, April    1919.